Affirmed and Memorandum Opinion filed February 8, 2007








Affirmed
and Memorandum Opinion filed February 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01064-CR

____________

 

EX PARTE MICHAEL
STEPHEN VELASQUEZ

 

 



 

On Appeal from the 10th District
Court

Galveston County,
Texas

Trial Court Cause No. 06CR0813

 



 

M E M O R A N D U M   O P I N I O N

Appellant
is charged with the offense of burglary of a habitation.  Appellant filed a
pre-trial application for writ of habeas corpus, claiming collateral estoppel. 
The trial court denied the application on November 13, 2006.  








On April
19, 2006, appellant was indicted for the offense of burglary of a habitation. 
The complainant in this case was Alice McCoy.  In a previous case, appellant
had been declared a child who had engaged in delinquent conduct and had been
placed on probation.  On April 18, 2006, the State moved to modify probation in
this previous case, alleging that Aon or about the 7th day of March
2006, in Galveston County, Texas MICAHEL [sic] STEPHEN VELASQUEZ  did then and there
intentionally or knowingly enter a habitation, without the effective consent of
Alice McCoy . . . and attempted to commit or committed a sexual assault against
Alice McCoy . . . .@  After a hearing on the motion to modify probation,
appellant=s probation was revoked and he was committed to the Texas Youth
Commission.  In the order revoking probation, the court specifically found that
appellant had knowingly entered a habitation without the effective consent of
the owner and attempted to commit sexual assault.

In his
pretrial application for writ of habeas corpus in this case, appellant claimed 
that, because the trial court in the previous case made a finding that
appellant had committed  the offense of burglary of a habitation, collateral
estoppel precludes relitigation of the issues in this case and the trial court
erred in denying the application for writ of habeas corpus.  We disagree.

Under
the doctrine of collateral estoppel, A>when an issue of ultimate fact has
once been determine by a valid and final judgment, that issue cannot again be
litigated between the same parties in any future lawsuit=.@  Ex parte Watkins, 73 S.W.3d
264, 268 (Tex. Crim. App. 2002)(quoting Ashe v. Swenson, 397 U.S. 436,
443 (1970)).  Once a factfinder determines a discrete fact in favor of a criminal
defendant, the State cannot contest the finding in a subsequent proceeding.  Watkins,
73 S.W.3d at 268.  Thus, A[b]efore collateral estoppel will apply to bar relitigation
of a discrete fact, that fact must necessarily have been decided in
favor of the defendant in the first trial.@  Id. (emphasis in original). 


In the
instant case, the finding made by the trial judge in the previous probation
revocation proceeding was not a fact decided in appellant=s favor.  Instead, the finding was 
against appellant.  The trial judge in the previous proceeding found appellant
had committed burglary of a habitation and this fact, together with other probation
violations, supported the revocation of probation.  Because the finding in the
previous proceeding was not decided in appellant=s favor, the trial court in this case
correctly determined that collateral estoppel does not apply to bar the instant
indictment.  








Accordingly,
we affirm the trial court=s order denying appellant=s application for writ of habeas
corpus.

PER CURIAM

Judgment rendered and Memorandum Opinion filed
February 8, 2007.

Panel consists of Justices Yates, Anderson, and
Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).